# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3283 | **DATE** | 8/27/2003 |
| **CASE TITLE** | CHARLES R. MATTENSON vs. BAXTER HEALTHCARE CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Pretrial conference set for 8/27/03 is stricken and reset to 8/28/03 at 12:00 p.m. Enter Memorandum Opinion And Order. Mattenson's motion for sanctions and attorney's fees is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 62 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 AUG 27 PM 6:12 Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

| | |
|---|---|
| CHARLES R. MATTENSON, ) | |
| ) | |
| Plaintiff, ) | No. 02 C 3283 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| BAXTER HEALTHCARE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Mattenson ("Mattenson"), seeks sanctions and attorney's fees against Defendant, Baxter Healthcare Corporation ("Baxter"), for multiple discovery violations, including failing to comply with some of the this Court's orders.

Federal Rule of Civil Procedure 37(a)(4) requires a court to award reasonable expenses, including attorney's fees, to the prevailing party of a discovery motion, unless the conduct of the losing party is substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 4(a)(4); *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994). Similarly, Federal Rule of Civil Procedure 37(b) provides that a court may impose sanctions on a party or its attorney who fails to comply with a court order. *See* Fed. R. Civ. P. 37(b); *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984). Any sanction should be proportionate to the offending conduct. *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).

Sanctions are proper if noncompliance is wilful, done in bad faith, or by fault of the noncomplying litigant. *See Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996) (*Melendez*). A party acts in bad faith when it knew that disclosure of materials was required by the court's orders and the party failed to disclose. *Melendez*, 79 F.3d at 670-71. A party is at fault when

62

it should have known that disclosure was required by the court's orders and the party failed to disclose. *Melendez*, 79 F.3d at 670-71. "Fault does [not] speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct – or lack thereof – which eventually culminated in the violation." *See Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000).

Mattenson first seeks sanctions for Baxter's alleged failure to comply with this Court's December 12, 2002 Order, granting Mattenson's first Motion to Compel. In that Motion to Compel, Mattenson sought documents related to Baxter's Renal Department employees and any settlement agreements from claims of age discrimination for Baxter worldwide. Subsequently, Mattenson agreed to limit the scope of discovery to Renal Department employees in Northern Illinois.

In mid-February 2003, Baxter contacted Mattenson and informed him that the requested documents, which numbered over 15,000, were available for inspection. However, Baxter was still numbering the documents because of the large number of documents. Soon thereafter, Mattenson reviewed the documents and found that some documents were faded or blank and that some recent performance evaluations appeared to be missing. The next day, Baxter informed Mattenson that the missing performance evaluations were stored electronically and would be provided shortly. Almost a month later, the missing performance evaluations were provided. However, Mattenson contends that the performance evaluations provided are still incomplete. Furthermore, Mattenson contends that many of the "avalanche" of documents Baxter provided were disorganized and contained irrelevant materials.

Baxter contends that discovery sanctions are not appropriate because it fully complied with this Court's December 12, 2002 Order and because the time delays were justified in light of the number of documents and the December holidays.

By engaging in this conduct, and based on the above cited standards, Baxter is found to have failed to adequately comply with this Court's December 12, 2002 Order. Baxter has failed to produce certain documents, and the time delays in turning over the documents that it did provide are not reasonably justified. Accordingly, Mattenson is awarded the reasonable attorney's fees and costs incurred by Mattenson in bringing the first Motion To Compel. Mattenson shall submit a petition, setting forth such fees, within 14 days. Baxter shall submit any objection thereto fourteen days thereafter.

Mattenson next contends that Baxter has failed to comply with the parties' February 13, 2003 agreed protective order. In essence, Mattenson contends that Baxter's delay in filing the subject protective order for almost five months delayed the discovery process.

The parties agree that a protective order was discussed in August and September 2002 but that a final version was not submitted to the Court until February 27, 2003. However, during this time discovery was taking place, and Baxter did submit materials to Mattenson. Furthermore, the parties were discussing/amending the proposed protective order during this time. Accordingly, sanctions for the delayed filing of the protective order are not justified.

Mattenson also contends that Baxter has failed to adequately respond to all of Mattenson's interrogatories originally served in October 2002. In November 2002, Baxter answered the interrogatories. However, several answers included objections and were incomplete. Subsequently, the parties have engaged in numerous discussions concerning the answers. Mattenson has not moved

3

to compel answers to the interrogatories, and this Court has not entered an order pertaining to the interrogatories.

In light of the absence of a motion to compel in relation to the alleged incomplete answers to interrogatories and the absence of any order pertaining to such answers, sanctions are not appropriate under Rule 37. *See* Fed. R. Civ. P. 37.

Mattenson also seeks sanctions against Baxter for the failure of the law firm of Bell, Boyd & Lloyd ("Bell") to provide documents that were subpoenaed on January 29, 2003, returnable February 14, 2003. Baxter contends that it is not responsible for compliance of the subpoena issued to Bell.

The correspondences between Mattenson and Bell's counsel discloses that objections to the subponea and the review of the documents to consider redaction of confidential information was the cause of the delay in the return of the subpoenaed documents. Accordingly, sanctions are denied.

Mattenson also seeks sanctions related to its second Motion to Compel which was granted by this Court on February 27, 2003. This Court's February 27, 2003 order granted Mattenson's second Motion to Compel as to documents that Baxter alleged were not discoverable because they were protected by the attorney-client privilege. The Court found that the attorney-client privilege did not apply and ordered the production of the documents. Baxter did not produce the documents until April 14, 2003.

While the parties agreed to hold discovery in abeyance for two weeks in March 12, 2003, the delay in providing the compelled documents prior to the discovery abeyance and/or after the discovery abeyance was not reasonably justified. Accordingly, Mattenson is awarded the reasonable attorney's fees and costs incurred by Mattenson in bringing the second Motion To Compel.

Mattenson shall submit a petition, setting forth such fees, within 14 days. Baxter shall submit any objection thereto fourteen days thereafter.

Lastly, Mattenson seeks sanctions for alleged discovery violations regarding Baxter's privilege log. Specifically, Mattenson alleges that Baxter failed to produce many documents that were requested on February 27, 2003. Instead, Baxter only provided some of the documents and a revised privilege log. Mattenson contends that the privilege log is inadequate.

While the record indicates that the parties have had numerous discussions pertaining to discovery, there is no evidence that the parties have attempted to resolve the recent issue pertaining to the remaining, allegedly privileged documents. Accordingly, the parties are ordered to confer about this issue pursuant to Rule 37(a)(2)(A); and sanctions for the alleged inadequate privilege log is not appropriate.

In addition to seeking attorney's fees as sanctions for Baxter's alleged discovery violations, Mattenson also seeks broad sanctions, including striking the pleadings and barring Baxter's defenses, barring Baxter from introducing any evidence at trial concerning Mattenson's employment status, and barring Baxter from introducing evidence at trial concerning a meeting that took place in the fall of 2000. These requested sanctions are not proportionate with the offending conduct and are denied.

For the foregoing reasons, Mattenson's Motion for Sanctions and Attorney's Fees is granted in part and denied in part.

Dated: August 27, 2003

JOHN W. DARRAH
United States District Judge

5