Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3283 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Mattenson vs. Baxter Healthcare Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, plaintiff's petition for attorney fees and costs in accordance with the 08/27/03 order is granted [81-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 0 9 2003 | |
| | Notified counsel by telephone. | date docketed | 89 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES R. MATTENSON, )
)
Plaintiff, ) No. 02 C 3283
)
v. ) Judge John W. Darrah
)
BAXTER HEALTHCARE CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On August 27, 2003, this Court granted in part and denied in part Plaintiff's Motion for Sanctions and Attorney's Fees. Plaintiff was ordered to submit a petition setting forth the reasonable fees and costs associated with Plaintiff's first and second motions to compel. Plaintiff has submitted a petition seeking $67,230.10 in fees and costs associated with bringing the two motions to compel.

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is based on the "market rate" for the services rendered. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). An attorney's market rate is the rate that lawyers of similar experience and ability in the community normally charge their paying clients for the same type of work. Counsel's actual billing rate for comparable work is presumptively appropriate for use as the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999).

Plaintiff's counsel seeks an hourly rate of $350 per hour. Defendant does not object to this hourly rate. The Court finds the hourly rate of $350 to be reasonable in light of Plaintiff's counsel's experience and ability.

Defendant first argues that Plaintiff should not be awarded fees relating to Plaintiff's Motion for Sanctions because the Court's previous order did not award such fees. Plaintiff seeks a total of $32,425 in attorney's fees and $492.91 in costs relating to the Motion for Sanctions. These fees and costs were not previously sought by the Plaintiff or awarded by the Court. Therefore, these fees and costs are denied.

Defendant next contests the amount of fees and costs sought for both motions to compel. Plaintiff seeks fees for the first motion to compel in the amount of $20,120 for 59.9 hours of work and $617.69 in costs. The fees and costs sought for the first motion to compel are not reasonable. For example, Plaintiff seeks a total of $4,510 for a total of 15.3 hours for the preparation of the three-page motion to compel. Plaintiff further seeks a total of $15,610 for a total of 44.6 hours for reviewing the opposition to the first motion to compel and drafting its seven-page reply and corresponding declaration. Neither of Plaintiff's filings contain citation to case law; yet, Plaintiff seeks $515.79 for computer research.

Plaintiff's first motion to compel was not complex; and the fees and costs sought for the motion, as demonstrated above, are not reasonable. In light of the lack of complexity of the motion, including the required response by Plaintiff to the opposition to the motion, a reasonable amount of time spent on such filings is seven hours, calculated by allowing 2 hours for the preparation of the initial motion, 2 hours to review the opposition to the motion, 2 hours to properly reply to the motion and 1 hour for court appearances. Accordingly, Plaintiff is awarded $2,450 in fees for the first motion to compel. Plaintiff has not provided the Court with the hourly costs associated with the required computer research, and such rate cannot be determined by the documentation Plaintiff has

provided. Accordingly, such costs cannot be awarded. Plaintiff's photocopy costs of $32.05 are reasonable and are awarded.

Plaintiff seeks fees for the second motion to compel in the amount of $13,580 for 38.8 hours of work and $492.91 in costs for computer research. The fees and costs sought for the second motion to compel are not reasonable. Plaintiff seeks a total of $4,340 for a total of 12.4 hours for the preparation of the three-page motion to compel. Plaintiff further seeks a total of $6,650 for a total of 19 hours for reviewing the opposition to the second motion to compel and drafting its six-page reply.

Plaintiff's second motion to compel was not complex; and the fees and costs sought for the motion, as demonstrated above, are not reasonable. In light of the lack of complexity of the motion, including the required response by Plaintiff to the opposition to the motion, a reasonable amount of time spent on such filings is seven hours, calculated by allowing 2 hours for the preparation of the initial motion, 2 hours to review the opposition to the motion, 2 hours to properly reply to the motion and 1 hour for court appearances. Accordingly, Plaintiff is awarded $2,450 in fees for the first motion to compel. As stated above, the reasonableness of the computer research cannot be determined by the documentation Plaintiff has provided. Accordingly, such costs are not awarded.

Based on the above, the Court awards Plaintiff $4,932.05 in fees and costs.

Dated: October 7, 2003

JOHN W. DARRAH
United States District Judge

3