Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3283 | **DATE** | 11/4/2003 |
| **CASE TITLE** | Mattenson vs. Baxter Healthcare | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■  [Other docket entry]  Trial begins - jury. Jury trial held and continued to 11/5/03 at 9:45 a.m. Plaintiff's motion to compel compliance with subpoena is granted. For the reasons stated in the attached memorandum opinion and order, plaintiff's motion in limine are granted in part and denied in part and taken under advisement in part. Defendant's motion in limine are granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | NOV 0 5 2003 | | 93 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | 11/5/03 | | |
| | | | date mailed notice | | |
| MF | courtroom deputy's initials | | | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



DOCKETED

NOV 0 5 2003

CHARLES R. MATTENSON, )
)
      Plaintiff, )    No. 02 C 3283
)
    v. )    Judge John W. Darrah
)
BAXTER HEALTHCARE CORPORATION, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff and Defendant have filed numerous Motions *in Limine*. As discussed below, Plaintiff's Motions *in Limine* are granted in part, denied in part, and taken under advisement in part. Defendant's Motions *in Limine* are granted in part and denied in part.

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (*Hawthorne*). "This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* [in this order] does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that, without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." *Hawthorn*, 831 F. Supp. at 1400-01 (internal citations omitted).



### Plaintiff's Motions *in Limine*

Plaintiff's Motion *in Limine* to Exclude Plaintiff's Tax Returns is granted. Plaintiff's Motion *in Limine* to Exclude All Evidence at Trial of Plaintiff's Job Performance Prior to 2001 and Motion *in Limine* to Exclude All Documents Not Produced in Discovery or Persons With Knowledge Not Named From Testifying in This Cause are denied without prejudice to the movant to raise the same objection at the appropriate time during trial. Defendant's failure to object during trial will be deemed a waiver of these objections.

Plaintiff's Motion *In Limine* to Bar Witnesses Not Previously Identified By the Defendant is denied in part and taken under advisement in part. Plaintiff seeks to exclude the testimony of nineteen individuals that Defendant named as potential witnesses on August 5, 2003, who were not previously named in Defendant's Rule 26(a) disclosure or any update to such disclosure.

The duty to supplement initial disclosures under Federal Rule of Civil Procedure 26(e) is satisfied when the other party learns of witnesses during discovery, including depositions and written discovery responses. *See Weiland v. Linear Construction, Ltd.*, 2002 WL 31307622 (N.D. Ill. Oct 15, 2002). Here, Plaintiff has taken the deposition of six of the nineteen people that Defendant named on August 5, 2003. Accordingly, Plaintiff's Motion *in Limine* as to these six individuals is overruled. As to the remaining thirteen individuals, Defendant is ordered to disclose which of the remaining thirteen individuals that Defendant is going to call at trial. Defendant is also ordered to provide evidence demonstrating that those witnesses that he is going to call at trial were timely disclosed to Plaintiff. Plaintiff may file a response to Defendant's list of witnesses and evidence demonstrating that such witnesses were timely disclosed. Accordingly, Plaintiff's Motion *in Limine*

to Bar Witnesses Not Previously Identified By the Defendant is denied in part and taken under advisement in part.

## Defendant's Motions *In Limine*

Defendant's Motion *in Limine* to Exclude Evidence Regarding the Determination of the Illinois Department of Employment Security is granted. Defendant's Motion *in Limine* to Exclude Evidence That Baxter Discharged Pat Sheehan and Gave Negative Performance Evaluations to Various Employees Who Are Not Similarly Situated is granted as to Pat Sheehan.

Defendant's Motion *in Limine* to Exclude Testimony and Documents that Baxter Discharged and/or Gave Negative Performance Evaluations to Walter Casten, Nicholas Kiricich, Richard Bowman, and Brent Wentz is denied. This evidence is relevant and admissible under the indirect method of proof of age discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973); *Riordan v. Kempiners*, 831 F.2d 697 (7th Cir. 1987); *Hunter v. Alice Chalmers Corp.*, 797 F.2d 1417, 1423-24 (7th Cir. 1986).

The following Defendant's Motions *in Limine* are denied without prejudice to the movant to raise the same objection at the appropriate time during trial: to Bar Plaintiff From Referring to a Pattern of Age Discrimination, Practice of Age Discrimination, or Systemic Age Discrimination; to Exclude Evidence Regarding Stray Remarks Made by Non-Decision Makers That are Unrelated to Baxter's Decisions Regarding Plaintiff's Employment; to Exclude Evidence Regarding Marla Persky's and Michael Schiffer's Stray Remarks Unrelated to Their Decision Regarding Plaintiff's Employment; to Exclude Evidence Regarding Timothy Malloy's Opinion of Plaintiff's Performance and Plaintiff's Ability to Be Hired; to Exclude Evidence Regarding Plaintiff's Retirement Points; and to Exclude Evidence Regarding Lost Future Earnings and Front Pay or

3

Require That Such Evidence Be Heard Outside the Presence of the Jury. Plaintiff's failure to object during trial will be deemed a waiver of the objection.

Dated: November 4 2003

JOHN W. DARRAH
United States District Judge