UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES R. MATTENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 3283 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| BAXTER HEALTHCARE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Mattenson, filed suit in May 2002, against Defendant, Baxter Healthcare Corporation, alleging age discrimination in violation of the Age Discrimination Employment Act of 1967. The matter was tried before a jury over eleven days in November 2003. The jury found for Mattenson and awarded him backpay damages in the amount of $532,791.28. The jury also found that Baxter's conduct was willful. Accordingly, judgment was amended in favor of Mattenson in the amount of $1,065,582.56.

On February 2, 2004, a trial before the Court without a jury was held on Mattenson's claim for front pay. On June 3, 2004, after extensive briefing on this issue, the Court denied Mattenson's front-pay damages. Presently before the Court is Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. § 621, *et seq.* and Federal Rule of Civil Procedure 54(d)(2).

Mattenson's attorneys, Kanter, Mattenson, Morgan & Gordon, seek a total of $702,003.50 in attorneys' fees and $31,185.63 in related costs. Mattenson's attorneys, Martin, Brown & Sullivan, seek a total of $270,905.00 in attorneys' fees and $16,867.39 in related costs.

A prevailing party is entitled to an award of reasonable attorneys' fees and costs. 29 U.S.C. § 621 *et seq.*; Fed. R. Civ. P. 54(d). The awarding of fees is designed to encourage the bringing of meritorious claims which might not otherwise be brought because of the financial imperatives inherent in civil rights litigation. *See City of Riverside v. Rivera*, 477 U.S 561, 576 (1986). The court has considerable discretion when determining the appropriate fee award. *See Spellan v. Board of Ed. for Dist 111*, 59 F.3d 642, 645 (7th Cir. 1995).

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Hensley*). The starting point for determining the amount of reasonable fees is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. This product is commonly referred to as the "lodestar." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (*Spegon*). The court may then decrease or increase the lodestar amount by considering a variety of factors, the most important of which is the "degree of success obtained." *See Hensley*, 461 U.S. at 434-36.

Hourly Rates

The reasonable hourly rate is based on the "market rate" for the services rendered. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Counsel seeking fees has the burden of proving the market rate. Once counsel establishes his or her rate, the burden shifts to the opposing party to demonstrate why the rate should be lower. *Spegon*, 175 F.3d at 554.

An attorney's market rate is the rate that lawyers of similar experience and ability in the community normally charge their paying clients for the same type of work. *Spegon*, 175 F.3d at 555. Counsel's actual billing rate for comparable work is presumptively appropriate for use as the market

2

rate. If this cannot be determined, the next best evidence of counsel's market rate is evidence of rates that similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards that attorneys have received in similar cases. *Spegon*, 175 F.3d at 555.

William Sullivan seeks an hourly rate of $350 per hour. Defendant objects to this rate, arguing that Sullivan failed to support this rate.[1] In his declaration, Sullivan states that his current rate is $400 per hour and that the rate of $350 was the rate that he charged for similar cases during the present case. Sullivan further supports his requested rate through the affidavit of David Stetler, an attorney licensed in the State of Illinois. Stetler avers that the rate of $350 per hour is reasonable based on Sullivan's experience and reputation.

Based on the affidavit and declaration above, a reasonable hourly rate of $350 is found to be reasonable for Sullivan.

David Mattenson also seeks an hourly rate of $350 per hour. Defendant objects to this rate, also arguing that Mattenson failed to support this rate. In his declaration, Mattenson states that this rate is the same rate he normally charges to other clients in similar cases during the time frame of this case. Mattenson also attached several retainer letters for other cases indicating a rate of $350 per hour for his services. Mattenson further supports his requested rate through the affidavits of Mark D. DeBofsky and Stetler, attorneys licensed in the State of Illinois. DeBofsky and Stetler aver that the rate of $350 per hour is reasonable based on Mattenson's experience and reputation.

---

[1]Sanctions were previously awarded to Plaintiff's counsel for Defendant's failure to comply with this Court's orders pertaining to Plaintiff's first and second motions to compel. Defendant did not then object to the hourly rate of $350, and the Court found the rate $350 per hour to be reasonable.

3

Based on these affidavits and declarations, an hourly rate of $350 is found to be reasonable for Mattenson.

The Defendant does not object to, and the Court finds, the rates of $85 to $350 requested by other attorneys and/or paralegals who worked on the case are reasonable.

Billed Hours of Kanter, Mattenson, Morgan & Gordon Fees and Costs

Defendant makes a general argument that Plaintiff's requested fees are not reasonable because Plaintiff's counsel spent an unreasonable amount of time on many aspects of the case. Defendant's general objection is meritless. A brief review of the history of the case illustrates that much of the alleged unreasonable time that Plaintiff's counsel spent on the case was brought upon by the Defendant's counsel's own action and/or inactions. For example, Defendant's counsel objected to multiple discovery requests that generated three motions to compel and motions for sanctions. Furthermore, when Defendant did produce documents, it produced thousands of irrelevant documents that had to be reviewed by Plaintiff's counsel. Plaintiff also was required to respond to Defendant's Motion for Summary Judgment, which was ultimately stricken for Defendant's failure to follow the Court's standing order as to such motions. Defendant's objections continued into the trial, when Defendant filed a 110-page response to Plaintiff's motions *in limine* and Defendant objected to virtually all of Plaintiff's proposed jury instructions, including the standard jury instructions. Furthermore, a comparison of the time Plaintiff's counsel spent on the case to that which Defendant's counsel spent on the case is not possible because Defendant has failed to identify the total time and costs it expended on the case, including that time spent by Defendant's in-house counsel.

As to Defendant's specific objections, Defendant has presented over 43 pages, in table form, of hundreds of individual objections to specific items of fees sought by Kanter, Mattenson, Morgan & Gordon. The objections are grouped into several different categories. Each category of objection and the corresponding requested attorneys' fees have been fully reviewed by the Court. Each is addressed below.

Defendant disputes $6,240.00 in attorneys' fees relating to pre-complaint/pre-settlement discussion meetings and research. Attorney's fees for claims that were never filed or which were unsuccessful are not recoverable. *See Worth v. Tyler*, 2001 WL 1659156 at * 3 (N.D. Ill. May 2, 2001); *Abbott v. Village of Winthrop Harbor*, 1999 WL 675292 at * 4 (N.D. Ill. Aug. 24, 1999). A review of the entries demonstrates that $1,225.00 in fees relates to claims never filed (ERISA). Accordingly, the fee request in this regard is reduced by $1,225.00.

Defendant disputes $28,170.00 in attorneys' fees which it identifies as clerical and/or non-legal tasks. Ministerial or clerical duties – such as filing and serving documents, summarizing depositions, and preparing subpoenas that can be performed by clerical staff – should not be part of the attorney's fees. *See Connolly v. National Sch. Bus Serv., Inc.*, 992 F. Supp. 1032, 1038 (N.D. Ill. 1998); *Webb v. James*, 967 F. Supp. 320, 324 (N.D. Ill. 1997). A review of the entries demonstrates that $13,340.00 in fees relates to ministerial or clerical duties that are not recoverable. Accordingly, the fee request for this category is reduced by $13,340.00.

Defendant disputes $61,400.00[2] in specifically identified attorneys' fees it contends are impermissibly vague or insufficient in detail to determine reasonableness. Entries in a fee petition

---

[2]This amount, as with all amounts discussed below, includes entries that are objected to on multiple grounds. Entries that have been disallowed pursuant to one objection are not re-evaluated under any additional objections.

that are too vague or inadequately documented to determine reasonableness are not recoverable. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *Newsome v. McCabe*, 2002 WL 1008472 at * 2 (N.D. Ill. May 17, 2002); *Worth*, 2001 WL 1659156 at * 3. A review of the entries demonstrates that $1,115.00 in fees are impermissibly vague or insufficient in detail to determine reasonableness. Accordingly, the fee request is reduced by $1,115.00.

Defendant disputes $33,442.50 in specific attorneys' fees because the time sought is duplicative, excessive, redundant or unnecessary for the case. In complex litigation with substantial discovery, it is reasonable to have more than one attorney attend a court appearance or deposition. *See Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 63 F.3d 516, 525 (7th Cir. 1995). However, an explanation is required to justify recovery for time spent by more than one senior attorney in accomplishing simple tasks. *See Lampley*, 2004 WL 1101409 at * 4. A review of these entries demonstrates that $3,600.00 in fees are not recoverable because such fees are for a second attorney's services in accomplishing simple tasks early in the litigation. Accordingly, the fee request is reduced by $3,600.00.

Defendant disputes $23,390.00 in specific attorneys' fees it identifies as excessive because the time sought is inconsistent with other entries or bills or is inconsistent with prior time entries previously submitted to the Court. A review of the entries demonstrates that $11,830.00 in fees included in the instant fee petition are contrary to the identical entries of the identical date in Plaintiff's September 11, 2003 fee petition. Plaintiff does not explain the discrepancy. In light of the conflicting entries on each fee petition, the reasonableness of the requests cannot be determined; and these fees are not recoverable. In addition, Plaintiff seeks $4,590.00 in fees for a 10.20 hour telephone conference with co-counsel on October 20, 2003. No other co-counsel contains an entry

6

of any telephone conference on this date. In light of the extreme length of the alleged telephone conference and the discrepancy when reviewed with co-counsel's records, the request is denied as unreasonable.[3] Accordingly, the fee request is reduced by $16,420.00.

Defendant disputes $107,607.50 in itemized attorneys' fees it identifies as excessive time in light of the contents of the brief, motion, or task identified. A review of these entries demonstrates that $1,015.00 in fees are not recoverable because such fees are not reasonable in light of the task completed and the amount of time on such task. Accordingly, the fee request is reduced by $1,015.00.

Defendant disputes $32,095.00 in attorneys' fees it identifies as fees which were already granted on Plaintiff's previous fee petitions. A review of these entries demonstrates that $31,115.00 in fees are not recoverable for that reason. Accordingly, the fee request is reduced by $31,115.00.

Defendant disputes the $100 premium rate Plaintiff's attorneys seek for pre-trial, trial and post-trial work. The total amount in dispute is $75,155.00. Premium rates for trial work are allowed. *See Chowaniek v. Arlington Park Race Track*, 934 F.2d 128, 132 (7th Cir. 1991); *Bennett v. Smith*, 2002 WL 169323 (N.D. Ill. Feb. 1, 2002) (hourly rate of $125 for non-trial work and $250 per hour for trial work). However, in the instant case, Plaintiff's attorneys seek a premium rate not only for trial work but also pre-trial and post-trial work, *i.e.*, reviewing memos, research, reviewing briefs, drafting briefs. A premium rate for miscellaneous pre- or post-trial work may not be recovered. Accordingly, the fee request is reduced by $73,415.00.

Kanter, Mattenson, Morgan & Gordon also seeks an additional $14,945.00 in fees for the presentation and defense of the present fees and cost petition. This amount is calculated by 42.7

---

[3]Alternatively, Defendant disputes this fee as impermissible "block billing."

7

hours of work at the rate of $350. Attorneys' fees for the presentation and defense of a fee petition are allowed. *See Ustrak v. Fairman*, 851 F.3d 983, 988 (7th Cir. 1988). The total of 42.7 hours is also reasonable in light of the disputes in the fee petition.

Billed Hours of Martin, Brown & Sullivan

Defendant has presented 41pages, in table form, of hundreds of objections to the attorneys' fees sought by Martin, Brown & Sullivan. As above, each category of objections and the corresponding requested attorneys' fees have been fully reviewed by the Court. Each is addressed below.

Defendant disputes $512.50 in attorneys' fees relating to pre-complaint/pre-settlement discussion meetings and research. This fee relating to a telephone conversation with the Plaintiff concerning his possible suit is reasonable. Accordingly, Defendant's objection is overruled.

Defendant disputes $7,420.55 in attorneys' fees that it identifies as clerical and/or non-legal tasks. A review of the entries demonstrates that $1,250.00 in fees relates to ministerial or clerical duties that are not recoverable. Accordingly, the fee request is reduced by $1,250.00.

Defendant disputes $76,645.55 in attorneys' fees it identifies as impermissibly vague or insufficient in detail to determine reasonableness. A review of the entries demonstrates that $335.00 in fees are impermissibly vague or insufficient in detail to determine reasonableness. Accordingly, the fee request is reduced by $335.00.

Defendant disputes $7,178.75 in attorneys' fees it identifies as excessive time because the time sought is duplicative, redundant or unnecessary for the case. A review of the entries

demonstrates that $612.50 in fees that are not recoverable because such fees are for a second attorney's services in accomplishing simple tasks early in the litigation. Accordingly, the fee request is reduced by $612.50.

Defendant disputes $3,587.50 in attorneys' fees it identifies as excessive because the time sought is inconsistent with other entries or bills or is inconsistent with prior time entries previously submitted to the Court. A review of the entries does not demonstrate these requested fees are inconsistent with other entries or bills or is inconsistent with prior time entries previously submitted to the Court. Accordingly, Defendant's objection is overruled.

Defendant disputes $7,227.50 in attorneys' fees it identifies as excessive time in light of the contents of the brief, motion, or task identified. A review of the entries demonstrates that $247.50 in fees are not recoverable because such fees are not reasonable in light of the task completed and the amount of time on such task. Accordingly, the fee request is reduced by $247.50.

Defendant disputes the $100 premium rate Plaintiff's attorneys seek for pre-trial, trial and post-trial work. The total amount in dispute is $44,730.00. A premium for trial time is allowed; however, the attorneys are not awarded a premium rate for miscellaneous pre- or post-trial work. Accordingly, the fee request is reduced by $44,155.00.

Defendant disputes $33,536.25 in attorneys' fees it identifies as non-compensable because the entries constitute impermissible "block billing." To avoid overbilling and compensation for non-compensable tasks, the court requires a certain amount of specificity. *See Abbott*, 1999 WL 675292 at * 3. The vast majority of entries to which Defendant objects identify "preparation for trial" and/or "trial" as the completed task; a further explanation is not required for these entries. Accordingly, Defendant's objections are overruled.

9

Based on the above findings, the lodestar for Kanter, Mattenson, Morgan & Gordon is $575,663.50. The lodestar for Martin, Brown & Sullivan is $225,340.00.

Following the lodestar determination, a court may adjust the award in light of plaintiff's "level of success." *Spegon*, 175 F.3d at 557 (citations omitted). The award may be increased or decreased in light of several factors: (1) the time required; (2) the difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the attorneys' inabilities to accept other employment during the life of the case; (5) the usual fee; (6) whether the fee is fixed or contingent; (7) any relevant time limitations; (8) the amount of money involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. 430 n. 3. Many of these facts – such as the time and skill required by the case, the experience, reputation and ability of the lawyers, the usual fee, and awards in similar cases – are subsumed within the lodestar calculation. *Hensley*, 461 U.S. at 434 n. 9.

After reviewing the case history, including the degree of success achieved by the Plaintiff's attorneys, the extensive discovery practice caused by the Defendant's counsels' actions/inactions, and in light of the extensive review above, neither an increase or decrease in the lodestar is appropriate.

Costs

Initially, Kanton, Mattenson, Morgan & Gordon sought $31,185.63 in costs. Plaintiff presented the costs by date of occurrence. Defendant objected, in table form, to $5,858.67 of the claimed cost. In his reply brief, Plaintiff states that he is willing to withdraw $3,622.00 in costs but is not willing to withdraw the remaining $2,236.67 in dispute. Plaintiff then lists those costs that are

still in dispute. However, the list does not directly correspond to the list of costs requested; and the total amount listed is less than $2,236.67. Accordingly, the Court is unable to determine what costs are still being sought and what costs are disputed.

Similarly, Martin, Brown & Sullivan initially sought $16,867.39 in costs and presented its costs by date of occurrence. Defendant objected, in table form, to $8,091.93 of the claimed costs. Plaintiff, in his reply, again states that he is willing to withdraw $3,584.62 in costs but is unwilling to withdraw the reaming $4,507.31 in dispute. Plaintiff then lists those costs that remain disputed. However, this list does not directly correspond to the list of costs initially requested; and the total amount is less than $4,507.31. Accordingly, the Court is unable to determine what costs are still being sought and what costs are disputed.

In light of the above, the Court is unable to determine what contested costs are being sought, nor the reasonableness of such costs. Accordingly, the costs claimed by Kanter, Mattenson, Morgan & Gordon in the amount of $31,185.63 are denied as to the amount contested by Defendant of $5,858.67. Costs claimed by Martin, Brown & Sullivan in the amount of $16,867.39 are denied as to the amount contested by Defendant of $8,091.93. *See McDonald v. Village of Winnetka*, 2003 WL 1989656 (N.D. Ill. April 30, 2003); *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 1995 WL 144554 (N.D. Ill. March 30, 1995) (denying costs where court could not determine reasonableness of costs based on materials presented by the parties).

11

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees and Costs is granted in part and denied in part. Kanter, Mattenson, Morgan & Gordon is awarded $575,703.50 in attorneys' fees and $25,326.96 in costs. Martin, Brown & Sullivan is awarded $224,305.00 in attorneys' fees and $8775.46 in costs.

Dated: February 11, 2005

JOHN W. DARRAH
United States District Judge